IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

RASHAD C. LEE, #213 823                    *

      Plaintiff,                              *

      v.                                      *          2:09-CV-602-WHA
                                                                (WO)
KELLI MILLS, *et al.*,                     *

      Defendants.                             *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility located in Clayton, Alabama, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff names a court stenographer and a circuit court clerk as defendants and complains about a failure to transcribe criminal transcripts and forward such to the appellate court for review. Plaintiff requests trial by jury and seeks damages and injunctive relief.

Plaintiff submitted a request for leave to proceed *in forma pauperis* along with his complaint. (*See Doc. No. 3.*) Plaintiff maintained in his IFP request, signed under penalty of perjury, that he received no income from any source over the past twelve months. Also filed in support of his motion to proceed as a *pauper* was a statement purporting to reflect his prisoner money on deposit ["PMOD"] account since January 2009. This statement reflected that in the six months immediately preceding the filing of his complaint he had a complete absence of either deposits to or balances in his prisoner account. The document submitted by Plaintiff with regard to the activity in his PMOD account, however, was

distinctly different in appearance from the standard prison generated PMOD account information forms  submitted by inmates seeking leave to proceed *in forma pauperis* in civil actions filed in this court.  Accordingly, the court deemed it necessary to require Plaintiff to submit a computerized statement of account provided by the accounting office at the Ventress Correctional Facility which reflected the average monthly balance in his prison account and the average monthly deposits to his account for the 6-month period immediately preceding the filing of this complaint.

On July 10, 2009 Plaintiff filed a response indicating he was filing a computerized statement of his account and attached a document identical in format to the document attached with Plaintiff's original *pauper* request.  (*See Doc. No. 5.*) This alleged "computerized statement" again reflected no financial activity in Plaintiff's account from January 2009 through June 2009.  For July 2009, the statement of Plaintiff's inmate account purported to reflect an average daily balance of $7.28 and monthly deposits of $33.00.

Due to the similarity in style of the purported "computerized statements" filed by Plaintiff on June 26, 2009 and July 10, 2009, which did not, based on the court's experience in reviewing numerous inmate IFP requests, appear to be generated by the accounting office at Ventress Correctional Facility,  the court entered an order on July 15, 2009 directing the account clerk at the institution to file with the court a computerized statement of account from the accounting office  which reflected the average monthly balance in Plaintiff's prison account and the average monthly deposits to his account for the 6-month period immediately preceding the filing of the instant complaint.  (*Doc. No. 6.*)  Prior to the deadline for the

account clerk's compliance with the court's July 15, 2009 order, Plaintiff submitted, under penalty of perjury, a document once again similar in format to the two previous documents purporting to reflect the financial activity in his inmate account for the past six months. (*See Doc. No. 8.*) Unlike the previous two documents, the document submitted by Plaintiff on July 24, 2009 reflected various average monthly balances and deposits for the 12-month period preceding the filing of his complaint. Additionally, Plaintiff now indicated in his request for leave to proceed IFP that he had received money from various sources within the past twelve months. Based on this document, and despite not having yet received an official accounting statement from the account clerk at Ventress Correctional Facility, it appeared to the court that Plaintiff had intentionally misrepresented his financial ability to the court in an effort to avoid payment of court filing fees. The court, therefore, entered an order directing Plaintiff to show cause why his complaint should not be dismissed under 28 U.S.C. § 1915(e)(2)(A) and/or why criminal sanctions should not be imposed for Plaintiff's false statements made under penalty of perjury. (*Doc. No. 9.*)

Plaintiff filed his response to the court's show cause order on August 6, 2009. (*See Doc. No. 10.*) He asserted therein the following:

• He does not have a computer from which he can print anything nor access to a computer by which he can falsify documents regarding his PMOD account, and that "at all times sent the court the information provided to him by the business office however true or accurate."

• "[H]e is willing to pay whatever the filing fee is to get this suit in motion."

• He is unable to make the account clerk at Ventress forward any computerized information and should not be subjected to "criminal punishment" based on inaction

of the Clerk or the actions of Lee signing papers under penalty of perjury" and his complaint should not be dismissed until he has been given the chance to pay the requisite filing fee.

(*Id.*)

Based on Plaintiff's asseverations, the court directed the Clerk to forward to the Business Manager at Ventress Correctional Facility the prisoner trust fund account statements provided to the court by Plaintiff in Document Numbers 3, 5, and 8. (*See Doc. No. 11*.) The court directed the Business Manager to conduct a review of such documents from which she was then to file a response with the court indicating whether all three statements were generated by the business office at Ventress Correctional Facility, and if so, explain the discrepancies among the three documents with respect to the average monthly balance in Plaintiff's PMOD account and the average monthly deposits to that account for the 6-month period immediately preceding the filing of this action.

On August 25, 2009 the Business Manager filed a response to the court's August 11, 2009 order. (*Doc. No. 13.*)   Attached to the response is an affidavit submitted by Linda Shirah, a Staff Accountant at Ventress Correctional Facility. In her affidavit, Ms. Shirah states that "[t]he Daily Average Balance forms attached to [Plaintiff's] complaints were NOT generated by the Business Office here at Ventress Correctional Facility." (*Id. at Shirah Affidavit*.) Ms. Shirah further affirms that the document submitted by Plaintiff and dated June 24, 2009 is a forged document due to the fact that the employee who purportedly signed the document - G. Ross - had resigned prior to that date. Also attached to Ms. Shirah's affidavit was a computer-generated daily average balance document for the dates in question for

Plaintiff's complaint which she states "clearly shows that he was trying to hide the fact that he had money on the books in order to file claims without paying prepayment of fees." (*Id. at Shirah Affidavit*.)

Upon consideration of the August 25, 2009 response from officials at the Ventress Correctional Facility, the court afforded Plaintiff an opportunity to file any further response to show cause why his case should not be dismissed under 28 U.S.C. § 1915(e)(2)(A) (and/or why criminal sanctions should not be imposed for his false statements made under penalty of perjury. *See Collier v. Tatum*, 722 F.3d 653 (11th Cir. 1983 (Decided under previous version of § 1915). Plaintiff filed his response on September 8, 2009. (*Doc. No. 15*.)

In his September 8, 2009 response, Plaintiff admits that he received income from outside sources thus implicitly confirming that his response to this question in his June 26, 2009 IFP application (*Doc. No. 3*) was false. While Plaintiff had changed this response in his July 24, 2009 IFP application (*Doc. No. 8*) to indicate that he had, in fact, received money from any source within the past 12 months, he failed to describe the source of money and the amount received as directed to do so in the in IFP application. Plaintiff further asserts in his September 8 response that he "concedes with the account clerk that his balance [was] correct and true." He argues, however, that due to the "severity of the Civil Rights violation alleged . . . this court in the interest of justice should allow [him] to pay the filing fee [underline]whatever it may be[/underline]]. (*Doc. No. 15*.) Finally, Plaintiff reiterates that he had no access to a computer in order to generate "the mix up in the document presented to this court," that the document came from a source other than Lee, that the court must, therefore, assume that it was the

business account clerk or an unknown party that filed the "allegedly untrue documents" with the court, and that at no time did he have access to a computer to generate a forged document. (*Id*.)

This court has the authority to manage and control matters such as the one pending before it.  Plaintiff's *pro se* status in no way excuses him from conforming to acceptable standards in his dealings with this court.  Although Plaintiff now admits that the PMOD account statement submitted by prison officials on August 25, 2009 is the correct one, he takes no responsibility for the accuracy and validity of the documents filed by him on three separate occasions,  two of which  reflect a total absence of any funds for the six months period prior to filing this action and one which does not  match the financial information as found in the PMOD statement provided by officials at Ventress Correctional Facility. Instead, Plaintiff puts the responsibility for the filing of the "allegedly untrue documents" in the hands of "another source," "an unknown party," or the "business account clerk." (*See Doc. No. 15 at pg. 2*.)

Despite his previous assertions to the contrary, it is clear from the  statement of Plaintiff's PMOD account submitted by prison officials at Ventress Correctional Facility that Plaintiff did, in fact, receive numerous deposits to his account in the year preceding the filing of his complaint.  Further, while Plaintiff attempts to make himself out as an innocent victim of the origin of the questionable documents he filed in this matter,  he is responsible for knowing the content of and ensuring the reliability and accuracy of pleadings, documents, and motions he files with this court, *see* Fed.R.Civ.P 11(b).  The court finds Plaintiff's

arguments strain credulity in light of the record before the court. Moreover, the court finds that "the allegation of poverty is untrue." *See* 28 U.S.C. § 1915(e)(2)(A). The undersigned has no hesitancy in concluding that the PMOD account information provided by Plaintiff in several documents filed herein was falsified. Even though he now disclaims any responsibility for the inaccurateness of the pleadings he submitted, Plaintiff knew from reading the IFP application as well as the orders of this court that truthful and accurate disclosure of his inmate finances was and is required and that dismissal of this action was a possibility for his untruthful answers, pleadings, documents, and/or motions.

The record in this case shows that Plaintiff submitted false and/or forged pleadings and documents for purposes of concealing the fact that he had funds in his PMOD account in order to circumvent being assessed a partial filing fee in accordance with 28 U.S.C. § 1915(b)(1). Plaintiff's actions have been persistent, willful, defiant, and contemptuous and invoked the needless expenditure of valuable judicial resources.[1] Accordingly, the court concludes first that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2(A). Secondly, the court further concludes that this action should be dismissed with prejudice as as the imposition of monetary or other punitive sanctions against an essentially indigent state inmate would be ineffectual. *See Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003) (citations omitted) ("Beyond any rule-based justification, the court's inherent authority to

---

[1]The court takes judicial notice of its own records which reflect that in other recent cases filed by Plaintiff he submitted and/or relied on the same inaccurate and/or falsified information regarding his PMOD account as utilized in the present action. *See Lee v. Giles, et al.*, Civil Action No. 2:09-CV-234-TMH (M.D. Ala. 2009) (*Doc. No. 3*); *Lee v. Giles, et al.*, Civil Action No. 2:09-CV-591-ID (M.D. Ala.) (*Doc. No. 3*.) .

rectify abuses to the judicial process also authorizes sanctions for certain violations. . .This power is governed by the necessary control courts must have over their dockets."); *Barnhill v. United States*, 11 F.3d 1360, 1368 (7th Cir. 1993) ("Misconduct may exhibit such flagrant contempt for the court and its processes that to allow the offending party to continue to invoke the judicial mechanism for its own benefit would raise concerns about the integrity and credibility of the civil justice system that transcend the interests of the parties immediately before the court."). Additionally, given the persistence of the Plaintiff in submitting false information to the court, the undersigned finds that as an additional sanction, this dismissal should be deemed to qualify as a strike for purposes of 28 U.S.C. § 1915(g).

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) and that this dismissal qualify as a "strike" for purposes of 28 U.S.C. § 1915(g).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **December 30, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 16th day of December 2009.

  /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE